## WETHERELL V. SPRIGLEY.

1. **Verdict:** JUDGMENT: DAMAGES. Where the jury found specially that defendant was entitled to damages for the wrongful suing out of an attachment, and that plaintiff's claim was not yet due, it was *held* that a judgment for the amount of damages found, not diminished by the amount of plaintiff's claim, was correctly rendered.

2. **Instruction:** PLEADING. Where, in an action by attachment upon an account, the defendant alleged that the writ was wrongfully issued and asked damages therefor, an instruction that if nothing was due plaintiff the attachment was wrongful was *held* to be correct.

*Appeal from Hamilton District Court.*

TUESDAY, APRIL 18.

ACTION by attachment upon an account for goods and merchandise sold by plaintiff to defendant.

The defendant denies the existence of the causes upon which the attachment was issued, avers that the goods purchased by her of plaintiff were bought on five months time, and whatever sum she owes to plaintiff was not due, at the commencement of the suit, and denies the averments of the petition as to the amount of her purchases. She claims of defendant $1,000 damages because plaintiff wrongfully and maliciously caused the attachment to be issued. There was a verdict and judgment for defendant. Plaintiff appeals.

*Miracle & Kamrar* and *Charles A. Clark*, for appellant.

*G. B. Pray* and *Hyatt & Lee*, for appellee.

BECK, J.—I. The jury found specially that defendant sustained damages in the sum of $186.84, and that plaintiff's
1. VERDICT: claim was not due when the suit was commenced.
judgment; damages. Thereupon the court rendered judgment upon the general verdict for defendant, which was for $186.84. Plaintiff insists that the verdict upon the general finding is in conflict with the pleadings which admit the indebtedness of

defendant upon the account in suit, in the sum of $341.07 and that the court, therefore, should have set aside the general verdict, and rendered judgment for plaintiff in the amount of the difference between plaintiff's claim, and the damages found for defendant.

We cannot concur in the conclusion of fact upon which this position is based. The answer expressly denies that any indebtedness was due from defendant to plaintiff, and also puts in issue the amount of the claim of plaintiff. It admits the purchase of goods, but in express words traverses the allegation as to the amount thereof. The special verdict is not, therefore, in conflict with any admission of the pleadings.

The giving of certain instructions, based upon this view of the pleadings is made the ground of objection, which is disposed of by the announcement of our concurrence in opinion with the court below as to the effect of the pleadings.

II. The plaintiff insists that in her answer defendant bases her right to recover damages for the wrongful suing out of the attachment, solely on the ground of the falsity of the allegation of cause for the issuing of the writ, namely, that she was about to dispose of her property with intent to defraud her creditors. He insists that the answer does not allege, as a ground of holding the attachment wrongful, the fact that plaintiff's claim was not due. Upon this view of the pleadings, plaintiff claims that an instruction to the effect that, if nothing was due plaintiff, the attachment was wrongful, is erroneous, and another presenting the view on the point held by defendant ought to have been given. But in our opinion plaintiff's version of the answer is not correct. It alleges generally that the writ was wrongfully issued, and does not base the allegation solely upon the falsity of the plaintiff's allegation that defendant was about fraudulently to dispose of her property. It ought to be remarked that the attachment was not issued under Code § 2956, authorizing the writ when the debt is not due.

2. INSTRUCTION : pleading.

III. Plaintiff argues that the evidence fails to support the findings of the jury, especially the special finding that the claim was not due when the action was commenced. Upon

this and other points there was a conflict of evidence, but no such absence of proof in support of the verdict as to require us to disturb the judgment. All.that can be said on this point is that the jury believed defendant's witnesses rather than plaintiff's, and we cannot hold from the abstract before us that they did not reach a correct conclusion.

No other points appear in the case. The judgment of the District Court is

AFFIRMED.